IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM SORROWS,

    Plaintiff,

vs.                                     Case No. 4:11cv59-RH/WCS

PRISON HEALTH SERVICES,

    Defendant.

                             /


## REPORT AND RECOMMENDATION

       Defendant filed a motion to compel discovery on September 8, 2011.  Doc. 30. When Plaintiff failed to respond to the motion, I entered an order providing the *pro se* Plaintiff with additional time in which to file a response.  Doc. 31.  That deadline (October 7, 2011) passed without any response from Plaintiff.  Defendant then filed a renewed motion for sanctions.  Doc. 32.  Defendant noted that nothing had been received from Plaintiff.

       I entered an order granting Defendant's motion to compel, doc. 30, and ordering Plaintiff to submit "complete responses to all discovery requests as listed in the motion to compel."  Doc. 33.  Plaintiff's deadline for compliance was October 28, 2011.  *Id.* Defendant has now filed a notice advising that Plaintiff has again failed to provide any responses to Defendant.  Doc. 34.  Moreover, Plaintiff had been required to file a

response to Defendant's renewed motion for sanctions, doc. 32, by October 28, 2011. Doc. 33. Plaintiff has not responded to that order either, despite being advised that his failure to comply with that order would "result in a recommendation of dismissal of the complaint as a Rule 37 sanction." Doc. 33.

"The decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.' Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir.1986)." United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997). "We have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort." Wouters v. Martin County, Fla., 9 F.3d 924, 933-934 (11th Cir. 1993) (citations omitted), *cert. denied*, 513 U.S. 812 (1994). "Dismissal with prejudice is not proper unless 'the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.' " Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006), *cert. denied*, 549 U.S. 1228 (2007).

This case cannot proceed if Plaintiff wilfully refuses to provide discovery and is entirely absent from the process. Further orders will not be effective. Monetary sanctions will not achieve the needed result, responses to Defendants' legitimate attempts to conduct discovery, and it is doubtful that Plaintiff could pay such sanctions. Therefore, it is recommended that this case be dismissed with prejudice pursuant to Rule 37.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for sanctions, doc. 32, be **GRANTED**, and this action be **DISMISSED with prejudice** for Plaintiff's failure to respond to discovery requests and failure to comply with court orders directing his compliance in discovery pursuant to FED. R. CIV. P. 37(b)(2), and that costs be assessed against Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**